UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REGINALD D. BLUNT,

        Petitioner,                                    Case Number 00-10168

v.                                                                        Honorable David M. Lawson

PAMELA WITHROW,

        Respondent.
_____/

## ORDER TRANSFERRING RULE 60(B) MOTION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT AS A SUBSEQUENT PETITION FOR WRIT OF HABEAS CORPUS AND ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE

On January 6, 2004, the Court entered judgment dismissing petitioner Reginald D. Blunt's petition for a writ of habeas corpus, after finding that he had failed to show that the state court rulings affirming his convictions for robbery, felony murder, and related firearm offenses rested on any unreasonable application of clearly established federal law. The petitioner did not appeal. On October 15, 2020, more than sixteen years later, the petitioner filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). In that motion, Blunt argues that the Court erred when it denied his habeas claims by endorsing a "radical construction of state law" advanced by the respondent. The Rule 60(b) motion plainly attacks the same state court criminal convictions that were addressed in the original habeas corpus petition by raising new grounds for relief, and the motion therefore is subject to the restrictions on second or successive habeas petitions under 28 U.S.C. § 2244(b)(3), even though Blunt has invoked Rule 60(b). Therefore, the Court must transfer the motion to the court of appeals so that the petitioner may seek permission to file a second or successive petition.

A prisoner who wishes to file a second or successive habeas petition must first ask the court of appeals for an order authorizing the district court to adjudicate the petition. 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without first obtaining permission to do so from the court of appeals, the district court must transfer the petition to the court of appeals under 28 U.S.C. § 1631. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). A Rule 60(b) motion for relief from judgment amounts to a "second or successive habeas petition" when it seeks to advance one or more substantive claims following the denial of a habeas petition, it seeks leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, it seeks to present newly discovered evidence not presented in the petition, or it seeks relief from judgment due to an alleged change in the substantive law since the earlier habeas petition was denied. *See Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005). In those instances, the court of appeals must authorize the new filing under section 2244(b). A Rule 60(b) motion can be viewed as raising "a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.* at 532. "A motion that seeks to add a new ground for relief [] will of course qualify" as a successive petition. *Ibid.*

The petitioner's Rule 60(b) motion is an attempt to file a second or successive habeas petition because the motion seeks to re-litigate the claims that he previously raised in his prior habeas petition, *see In re Bowling*, 422 F. 3d 434, 440 (6th Cir. 2005), and it seeks to add new grounds for relief, *see Brooks v. Bobby*, 660 F.3d 959, 962 (6th Cir. 2011).

The petitioner also filed a "motion for immediate release" pending the adjudication of his motion for relief from judgment. Ordinarily, Federal Rule of Appellate Procedure 23 governs release or detention of a prisoner, state or federal, who is collaterally attacking his or her criminal conviction. *United States v. Cornish*, 89 F. App'x 569, 570 (6th Cir. 2004). In the usual case, a prisoner seeking release from custody under Rule 23 must demonstrate (1) a substantial claim of law based on the facts surrounding the petition; and (2) the existence of some circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice, *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990). However, those rules only apply to prisoners with live claims for collateral relief pending before a federal court. In this matter, all of the claims that properly were presented to the Court were resolved finally by the entry of judgment more than sixteen years ago. There are no live habeas claims pending before this Court, and the Court therefore lacks authority to order the petitioner's release from state custody pending the resolution of any collateral attack on his convictions.

The petitioner also asserts that release is warranted due to health risks that he faces in state prison during the ongoing coronavirus pandemic. However, the cases that he cites in which federal courts have ordered the release of pretrial detainees and convicted inmates all concerned persons in federal custody who invoked the authority of federal courts to grant relief under the so-called compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). But "[b]ecause [the petitioner] is in state custody pursuant to a state court judgment, § 3582(c)(1)(A) is simply inapplicable to him." *Pankotai v. United States*, No. 21-00034, 2021 WL 895811, at *1 (M.D. Pa. Feb. 1, 2021), *R&R adopted*, 2021 WL 880520 (M.D. Pa. Mar. 9, 2021) (collecting cases). The decisions cited in the motion do not supply any legal authority for this Court to order his immediate release from state custody.

Accordingly, it is **ORDERED** that the Clerk of Court shall **TRANSFER** the motion for relief from judgment (ECF No. 19) to the United States Court of Appeals for the Sixth Circuit under 28 U.S.C. § 1631.

It is further **ORDERED** that the petitioner's motion for immediate release (ECF No. 20) is **DENIED**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: July 7, 2021